ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| HÉCTOR ROMÁN MONTAÑEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00177 | *Revisión Administrativa,* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: ICG-905-2025<br><br>Sobre: Solicitud de Servicio (Área Socio Penal) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de abril de 2026.

Comparece Héctor Román Montañez ("señor Román Montañez" o "Recurrente"), por derecho propio, mediante recurso de revisión administrativa y nos solicita que revisemos una *Resolución* emitida el 11 de marzo de 2026, por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación ("DCR" o "Recurrido"). En virtud del referido dictamen, el DCR denegó una Solicitud de Reconsideración instada por el recurrente, debido a que le faltan por cumplir, aproximadamente diez (10) años de su mínimo de sentencia, razón por la cual debe esperar para recibir las terapias de la Sección del Programa de Evaluación y Asesoramiento ("SPEA").

Por los fundamentos que proceden, se *desestima* el recurso de revisión, por incumplimiento con las disposiciones del Reglamento del Tribunal de Apelaciones.

**I.**

El 17 de junio de 2025, el Comité de Clasificación y Tratamiento del DCR ratificó el nivel de custodia mínima del señor Román Montañez. Consecuentemente, refirió al recurrente a la SPEA, con la intención de que lograra beneficiarse de aquellos beneficios inherentes al referido nivel de custodia, como el privilegio de pases familiares.

Siendo así, el 7 de noviembre de 2025, el señor Román Montañez presentó una *Solicitud de Remedio Administrativo* ante el DCR. Indicó que las terapias ofrecidas por la SPEA eran necesarias para poder beneficiarse de los programas de rehabilitación ofrecidos por el DCR, según dispuestos en el *Reglamento para la Concesión de Permisos a los Miembros de la Población Correccional para Salir de las Instituciones Correccionales del Gobierno de Puerto Rico*, Reglamento Núm. 9499, aprobado el 19 de septiembre de 2023. Por tanto, peticionó que se le brindaran las mismas.

Evaluada la solicitud, el 30 de diciembre de 2025, el DCR dictaminó una Respuesta[1] en la cual le indicó al recurrente que, ante recursos limitados, se le estaba dando prioridad a los casos con una fecha mínima de sentencia más cercana. Inconforme, el 12 de enero de 2026, el señor Román Montañez presentó una Solicitud de Reconsideración[2].

El 11 de marzo de 2026, el DCR dictaminó una *Resolución* en virtud de la cual denegó la moción de reconsideración radicada por el recurrente. El DCR destacó que el recurrente se encuentra cumplimiento una sentencia de 129 años, con un mínimo de sentencia a cumplirse el 12 de abril de 2026 y un máximo de sentencia a cumplirse el 16 de enero de 2134. Explicó que, debido a la falta de personal, se encontraban otorgándole prioridad a las terapias de aquellos confinados que se encontraban más próximos a cumplir su mínimo de sentencia. Ante el hecho de que la sentencia mínima del recurrente no se cumpliría por alrededor de 10 años, dispuso que debía esperar para recibir las terapias de la SPEA.

Insatisfecho aún, el 10 de abril de 2026, el señor Román Montañez acudió ante esta Curia mediante recurso de revisión administrativa. El recurrente le señaló que el DCR erró al:

**Denegar la solicitud del recurrente basándose un criterio restrictivo relacionado a su fecha mínima de sentencia, sin aplicar dicho criterio de manera uniforme.**

---

[1] No consta en el Apéndice del recurso.
[2] No consta en el Apéndice del recurso.

**Ejercer su discreción de forma arbitraria y caprichosa, al apartarse de la práctica administrativa observada dentro de la institución correccional.**

**Incurrir en trato desigual al negar un beneficio que ha sido concedido a otros miembros de la población correccional en circunstancias similares o menos favorables.**

Examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

## II.

### -A-

Es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires. Cordero et al. v. ARPe et al.,* 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal, por iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, *op. cit.,* pág 109.

### -B-

Como es sabido, "[l]a apelación en nuestro sistema no es automática; presupone una notificación, un diligenciamiento y su perfeccionamiento". *Morán v. Marti,* 165 DPR 356, 367 (2005).

En lo aquí pertinente, el Reglamento del Tribunal de Apelaciones dispone que los recursos de revisión administrativa deberán presentarse dentro del término jurisdiccional de treinta (30) días, contados a partir de la fecha del archivo en autos de la notificación de la determinación final del organismo o agencia. Regla 57 del Reglamento de Tribunal de Apelaciones, *op. cit.*, pág. 79.

Así, también, nuestro Reglamento regula todo lo relacionado al contenido de los recursos de revisión. La Regla 59 establece que el escrito deberá contener: (1) una cubierta; (2) un índice; (3) un cuerpo; y (4) un apéndice. Regla 59 del Reglamento del Tribunal de Apelaciones, *op. cit.*, págs. 81-85. De manera particular, la aludida regla especifica que el cuerpo del escrito tendrá que incluir lo siguiente:

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.

[...]

**(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.**

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

**(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.**

(g) La súplica.

En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *García Ramis v. Serrallés*, 171 DPR 250 (2007), *Arriaga v. F.S.E.*,

145 DPR 122 (1998). Sobre el particular, nuestra más alta Curia ha expresado que:

> El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. *Morán v. Marti, supra*, pág. 367.

**Las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales.** (Énfasis suplido). *Febles v. Romar*, 159 DPR 714, 722 (2003).

### III.

En síntesis, el recurrente aduce que el DCR incidió al denegar su solicitud para recibir las terapias de la SPEA bajo el fundamento de que no está próximo a cumplir su sentencia mínima. Tras un examen del expediente, concluimos que carecemos de jurisdicción para atender el recurso presentado por el señor Román Montañez, por incumplir con las disposiciones del Reglamento del Tribunal de Apelaciones, *supra*.

Entre las faltas cometidas por el recurrente, destacamos que no expuso una relación fiel y concisa de los hechos del caso, ya que se limitó a exponer que, el 11 de marzo de 2026, el DCR notificó una *Resolución* en reconsideración.

De manera similar, a pesar de que señaló los errores presuntamente cometidos, no los discutió "incluyendo las disposiciones de ley y la jurisprudencia aplicable". Regla 59 (C) del Reglamento del Tribunal de Apelaciones, *supra*. El fundamento del recurrente se circunscribió a exponer que, según su conocimiento, confinados con sentencias mínimas más lejanas habían participado de las terapias de la SPEA.

Como consecuencia, no nos colocó en posición para atender su reclamo. A tenor con las disposiciones normativas reseñadas, nos vemos obligados a desestimar el presente recurso.

**IV.**

Por los fundamentos que anteceden, se *desestima* el recurso ante nuestra consideración por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones